Susan ROANE et al.,
Plaintiffs-Appellants,

v.

Patricia R. HARRIS, Secretary of the Department of Health, Education and Welfare, et al., Defendants-Appellees.

No. 77–2665.

United States Court of Appeals,
Ninth Circuit.

Sept. 12, 1979.

Michael E. Myers, argued, San Francisco, Cal., for plaintiffs-appellants.

Lenord Schaltmen, Daniel H. Maguire, San Francisco, Cal., argued, for defendants-appellees; John M. Rogers, Washington, D. C., on brief.

Before MERRILL and SNEED, Circuit Judges, and REAL,* District Judge.

PER CURIAM:

Appellants are employees of the San Francisco Unified School District. Prior to July, 1972, they were members of the San Francisco City and County Employees' Retirement System (SFRS). As such, they could and did participate in the Federal Social Security System under 42 U.S.C. § 418(d)(3), thus assuring themselves of the benefits of both systems.

In 1972, California required teachers who commenced employment with the School District after July 1, 1972, to become members of the state-wide teachers' retirement system, State Teachers' Retirement System (STRS). The state also required the members of SFRS to choose irrevocably between continued membership in SFRS or transfer to STRS. Appellants chose to transfer to STRS. Believing that they had ceased to be covered by Social Security because of their transfer to STRS, appellants applied to the Secretary of HEW for release from that system. The Secretary denied their application. On appeal, the administrative

---

* Honorable Manuel L. Real, United States District Judge of the Central District of California, sitting by designation.

law judge and the Appeals Council upheld the Secretary, holding that appellants continue to fit the definition of membership in a covered retirement group provided by 42 U.S.C. § 418(d)(4) and remain covered by Social Security until they no longer meet the definition or coverage is terminated under 42 U.S.C. § 418(g).

This suit was then brought, seeking judicial review of the Secretary's decision, pursuant to 42 U.S.C. § 405(g). Appellants seek declaratory, injunctive and monetary relief. The district court granted summary judgment in favor of the Secretary and this appeal followed.

The legal issues presented on this appeal were presented to the district court and were discussed and resolved in the court's Memorandum of Opinion, which appears at 476 F.Supp. 1089.[1] We agree with the district court upon all issues for the reasons set forth in its opinion.

Judgment affirmed.

1. Appellants also suggest on this appeal that if the Social Security Act is interpreted to require their continued participation in Social Security, then the statute denies them equal protection of the law. Appellants point out that while they contribute fully to STRS and Social Security, benefits received are not equally generous, since to some extent the benefits received from one system are set off against those from the other. Appellants pay more for their benefits than those members of STRS who do not participate in the federal system.

However, it is state, not federal law that requires such set-offs. See Cal.Educ.Code § 24102 (West). Appellants receive from Social Security the amount of benefits their contributions entitle them to. Attacking the federal statute as denying appellants equal protection is therefore misplaced.